Iowa Public Service Company, Appellant, v. J. B. Tourgee, Mayor, et al., Appellees.

No. 39489.

May 7, 1929.

*Price & Burnquist* and *Robert E. Long*, for appellant.

*Malcolm Currie*, for appellees.

Wagner, J.—On January 28, 1928, there was filed in the office of the city clerk of Sac City a petition addressed to the mayor and signed by more than 25 property owners of each voting precinct in said city. Said petition contains a proposed ordinance, consisting of 8 sections. The first section of said proposed ordinance granted to plaintiff, its successors, or assigns a franchise right for a period of 25 years, to construct, reconstruct, maintain, and operate an electric light and power plant in said city, and to enter upon the streets, avenues, alleys, and public places, and therein, thereon, thereunder, and thereover to construct, reconstruct, maintain, and operate an electric distribu-

tion system and street-lighting system, to consist of poles, wires, cross-arms, guy wires, conduits, and other necessary construction, and to furnish electrical energy to said city and its inhabitants for light, power, and other purposes, and to own, maintain, and operate a high-voltage electric transmission line extending to and through the said city from points outside thereof. The 7 remaining sections of said proposed ordinance have nothing to do with the granting of a franchise, but are merely regulative in character, and include a reference to the maximum rate which could be charged for electricity. The petition asked that a special election be called by the mayor, in order that the electors of the municipality might vote upon the proposition. The defendant mayor did not call the special election, as requested, and the plaintiff herein, on February 2, 1928, began an action in mandamus, alleging in the petition the fact of the filing of the aforesaid petition, signed by the requisite number of property owners, "requesting the calling of a special election in said Sac City for the purpose of submitting to the qualified electors of the said city the question of whether or not the franchise should be granted," and asking that the defendant mayor be ordered to issue a proclamation for a special election.

The defendants appeared in said cause, and filed answer. One of their contentions, as asserted in the answer, was that the petition asking for an election was not in due form, for that it contained the draft of a proposed ordinance which contained other matters than the mere granting of a franchise. Upon trial of said cause, the trial court held with the defendants, and dismissed plaintiff's petition. Upon appeal to this court, the cause was reversed. See *Iowa Public Serv. Co. v. Tourgee*, 208 Iowa 36. In said case, we held against the contention of the defendants, and that the petition asking for the special election was sufficient. We there said:

"Illegality does not exist because the petition contained a proposed franchise ordinance."

On April 20, 1928, another petition, signed by a sufficient number of property owners of each voting precinct in the city, was filed in the office of the clerk of the city, and presented to the mayor, asking for the calling of a special election of the electors of said city upon the following public measure, to wit:

"Shall there be granted to the Iowa Public Service Company, its successors or assigns, a franchise, giving and granting unto the Iowa Public Service Company authority to construct, reconstruct, own, maintain, and operate an electric light and power plant and distribution system in the incorporated city of Sac City, Iowa, for a period of twenty-five (25) years, and to furnish electrical energy to said town and its inhabitants for light and power uses, and including the right to own and construct a high-voltage electric transmission line into and through the said town."

On the 23d day of April, 1928, the instant suit in mandamus was begun, and the plaintiff in its petition asks that the defendants be ordered to take steps as are required for the submission of the franchise proposition to the electors of the city. The plaintiff made the files and transcript of the evidence in the former case a part of its petition. The defendants appeared and filed answer, alleging the pendency of the appeal in the former case, and making the files and record therein a part of their answer, and also alleging the withdrawal of signatures of petitioners in one precinct, which would reduce the number of petitioners from said precinct to 24; whereas the statutory law, Section 6132 of the Code of 1927, requires 25. On the morning of the trial, there was filed with the mayor a supplemental petition, containing 11 names of property owners in said precinct; and, while the fact is conceded by the defendants, introduction of said supplemental petition in evidence was objected to. There was no amendment to plaintiff's petition after the filing of the supplemental petition asking for the calling of the election by the 11 additional signers. Upon trial to the court, plaintiff's petition was dismissed, and plaintiff was denied the relief asked. From this action by the trial court, the plaintiff appeals.

It is contended by the plaintiff that the petition asking for the calling of the special election was sufficient when first presented, and that withdrawal of signatures therefrom does not invalidate or affect the sufficiency of the same; and that, even so, the subsequent filing on the morning of the trial of the supplemental petition by the 11 additional signers meets the requirements of the law. Appellees contend otherwise. The appellees contend that there was another action involving the same matter,

and that an appeal to this court was pending at that time, and for that reason, the appellant was not entitled to the relief asked in this action. The appellant asserts that this latter contention of the appellees' is without avail.

Both parties offered in evidence the record and files in the former case, and also the abstract and amendment thereof, constituting a part of the files on the appeal of the former case to this court.

The basic proposition in the first petition asked to be submitted at a special election is, in legal effect, the equivalent of the proposition asked to be submitted in the instant case. In our decision in the prior action, we said:

"Therefore, there was before the mayor a legal and valid petition, requiring him to call a special election. He should have done so, and under the circumstances, mandamus will compel him to thus act."

We have therefore determined that the plaintiff is entitled to an election upon the basic proposition contained in both petitions, regardless of the reasons asserted by the respective parties as to why the writ of mandamus should be granted or denied. The ultimate question involved in both actions is as to whether or not the plaintiff is entitled to an election upon the basic proposition, and as to whether or not a writ of mandamus shall issue, ordering the mayor to call a special election for the determination of said proposition. This has been determined in favor of the plaintiff by our decision in the prior action, which, *ipso facto*, is determinative of the ultimate question for decision in the instant case. Since our decision in the prior action, in effect, orders a writ of mandamus to issue, ordering the mayor to call a special election for the determination of that proposition, the plaintiff is entitled to said relief, regardless of the decision of the trial court in the instant case, and regardless of any reasons pro and con asserted in this action as to why the relief asked by the plaintiff should be granted or denied. The decision in the prior action is now *res adjudicata* of the ultimate question for determination in the instant case. For the foregoing reasons, it is hereby ordered that this action be, and the same is hereby, reversed, with directions to the trial court, upon the election of

the plaintiff, to order mandamus in either this action or the prior action, but not in both.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and MORLING, JJ., concur.